UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEORGE DECLERCK and BOBBIE J. DECLERCK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil No. 14-3365 |
| BANK OF NEW YORK MELLON, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is the Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim (d/e 19) filed by Defendants Specialized Loan Servicing, LLC, Bank of New York Mellon, and Mortgage Electronic Registration Systems, Inc. Because several of the Plaintiffs' claims are barred by the Rooker-Feldman doctrine and the remaining claims fail to state a claim upon which relief can be granted, the Defendants' Motion is granted.

## I. <u>BACKGROUND</u>

The Plaintiffs, George and Bobbie J. DeClerck, signed a promissory note on February 5, 2007, in favor of Countrywide Homes Loans, Inc., for a loan of $292,000. The Plaintiffs used that money to pay off various loans and back taxes. The Plaintiffs secured the loan with a mortgage on their home, located at 976 E 1330 North Road, Taylorville, Illinois. Four years after closing, the Plaintiffs fell behind on their payments and became delinquent. In July 2012, Defendant Bank of New York Mellon, which was the assignee of the mortgage, filed a foreclosure action on the Plaintiffs' home in the Circuit Court of Christian County, Illinois.

At some point during the foreclosure proceedings that followed, the Plaintiffs hired Patrick Williams and his firm, Paladin & Associates, "to determine whether the foreclosing party has legal standing to sell the property; and, if not, whether information ascertained in conjunction with this audit might assist in either 1) further delay and/or 2) prevent outright the foreclosure of the property." <u>See</u> Report, d/e 2 at 8. At the conclusion of a report

Williams prepared, Williams stated that the note and mortgage may not have been properly transferred to the Bank of New York Mellon, questioned whether the signature on the transfer documents was authentic, and found that "[w]e do not show that The Bank of New York Mellon has show [sic] indisputable standing to foreclose. The loan may in fact have become bifurcated." Id. at 10. Williams prepared an affidavit, which echoed the findings of his report, that the Plaintiffs submitted in their defense in the foreclosure case. Williams Aff., d/e 7.

Despite these submissions, on September 26, 2014, the Christian County Circuit Court issued a judgment of foreclosure in favor of the Bank of New York Mellon against the Plaintiffs. See J. of Foreclosure, d/e 25-1. The Plaintiffs appealed that ruling, and while the state case was on appeal, they filed their Complaint in this Court on November 25, 2014, against a long list of Defendants, including several hundred John Doe Defendants. See Compl., d/e 1. The Plaintiffs' main allegations in their federal Complaint are that they never actually received the $292,000 loan for which they

mortgaged their home[1] and that the state court improperly failed to consider Williams's affidavit, which they claim "apparently rebuts and controverts each and every allegation of the defendants [sic] prior complaint." Id. at 1, 9.  The Complaint also contains almost 20 pages of allegations about impropriety within the asset-backed securities market.  Id. at 12-30.  The Plaintiffs seek a reversal of the state foreclosure judgment, a declaratory judgment that they are the rightful owners of the foreclosed property, an injunction against future claims on the property, and damages.  Id. at 61.

The only Defendants that the Plaintiffs properly served were Specialized Loan Servicing, LLC and the Bank of New York Mellon.  Return of Service, d/e 14, 15.  On February 23, 2015, Specialized Loan Servicing, LLC and the Bank of New York Mellon, along with Defendant Mortgage Electronic Registration Systems, Inc., moved to dismiss the Plaintiffs' claims.  See Defs.' Mot. to Dismiss, d/e 19.  The Plaintiffs filed a Response on March 17, 2015.  See Pls.' Resp. to Defs.' Mot. to Dismiss, d/e 28.  However, as the Defendants

---

[1] The Court notes that documents from Paladin & Associates and from the United States Department of Housing and Urban Development filed with the Plaintiffs' Complaint show that the Plaintiffs did receive the $292,000 loan. Report, d/e 2 at 7; HUD Settlement Statement, d/e 2-2 at 35-36.

pointed out in their Reply to the Plaintiffs' Response (d/e 29), the Plaintiffs' Response does not offer substantive responses to the Defendants' arguments. Instead, the Response simply asserts that the Plaintiffs have a constitutional right to a trial by jury, and that "[t]he defendants have no right to subvert or attempt to deny DeClercks from their exercise of trial by jury on all issues regarding said claims." Resp., d/e 28 at 6.[2]

In April 2015, the Illinois Fifth District Court of Appeals dismissed the Plaintiffs' appeal of the Defendants' foreclosure judgment against them. See Defs.' Mem., d/e 30. The Christian County Circuit Court entered an order dismissing the appeal on April 29, 2015. See Bank of New York Mellon f/k/a Bank Of New York as Trustee for Certificate Holders of CWABS Inc., Asset-Backed Certificates, Series 2007-1 v. DeClerck et al., No. 12 CH 67.

## II. LEGAL STANDARDS

The Defendants assert that this Court lacks subject-matter

---

[2] The Plaintiffs also argue that the Defendants should not be allowed to file a motion to dismiss because they complained that they were not served or were improperly served. Id. at 7. However—legal questionability of that argument aside—the moving Defendants were in fact served and did not raise complaints about lack of service, so the Court need not address the Plaintiffs' argument.

jurisdiction over the Plaintiffs' Complaint, which implicates Federal Rule of Civil Procedure 12(b)(1).  When considering a Rule 12(b)(1) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).  The Court may view any evidence submitted on the issue of jurisdiction to determine whether subject matter jurisdiction exists.  Id.  However, the plaintiff bears the burden of proving the jurisdictional requirements have been met.  Center for Dermatology & Skin Cancer, Ltd. v. Burwell, 770 F.3d 586, 588-89 (7th Cir. 2014).

The Defendants also move to dismiss the Plaintiffs' claims under Rule (12)(b)(6).  A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  When considering a motion to

dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Id. The complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging sufficient facts for the court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient. Id.

The Defendants further argue that several of the Plaintiffs' claims do not satisfy the heightened pleading standard imposed by Rule 9(b) on fraud-based claims. Rule 9(b) mandates that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The level of detail required by Rule 9(b) will vary depending upon the facts of a case, but courts generally hold that a plaintiff must describe the "'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" Pirelli Armstrong Tire

Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 441-42 (7th Cir. 2011) (quoting United States ex rel. Lusby v. Rolls–Royce Corp., 570 F.3d 849, 854 (7th Cir. 2009)).

### III. ANALYSIS

The Defendants move to dismiss the Plaintiffs' entire Complaint for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. The Defendants also argue that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

    **A. The Rooker-Feldman Doctrine Prevents the Court from Exercising Jurisdiction Over the Plaintiffs' Foreclosure-Related Claims.**

The Defendants argue that under the Rooker-Feldman doctrine, the Court lacks subject-matter jurisdiction to consider the Plaintiffs' Complaint. The Rooker-Feldman doctrine takes its name from two United States Supreme Court cases in which the losing party in state court filed a suit in federal court complaining of an injury caused by the state court judgment rendered before the district court proceedings commenced and seeking review and rejection of the state court judgment. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S.

462 (1983).  The Supreme Court held that the district courts lacked subject-matter jurisdiction to decide the cases because only the Supreme Court has jurisdiction to review a state court judgment. Rooker, 263 U.S. at 416; Feldman, 460 U.S. at 476; see also Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2006) (citing 28 U.S.C. § 1257).

The Rooker-Feldman doctrine bars federal claims when either (1) a plaintiff requests that the federal district court overturn an adverse state court judgment; or (2) the claims were not raised in state court or do not, on their face, require review of the state court's decision but the claims are "inextricably intertwined" with the state court judgment.  Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012).  When determining whether a claim is inextricably intertwined with the state court judgment, the district court considers the cause of the alleged injury.  Id.  If the claim alleges the injury was caused by the state court judgment, the claim is inextricably intertwined.  If the claim alleges an independent prior injury that the state failed to remedy, the claim is not inextricably intertwined and is not barred by the Rooker-Feldman doctrine.  Id.;

see also Long, 182 F.3d at 555 (finding that the plaintiff's claims alleging violations of the Fair Debt Collection Practices Act were independent from the eviction proceeding litigated in state court and were not barred by the Rooker-Feldman doctrine).

However, if the federal claim is inextricably intertwined with the state court judgment, the claim is barred under Rooker-Feldman only if the plaintiff had a reasonable opportunity to raise the issue in state court. Brown, 668 F. 3d at 442. If the plaintiff could not have raised the claim in state court, the claim is not barred by Rooker-Feldman. Id. Moreover, "the fact that the plaintiff's pursuit of his federal claims could ultimately show that the state court judgment was erroneous [does not] automatically render Rooker-Feldman applicable." Long, 182 F.3d at 556.

Here, several of the Plaintiffs' claims are barred by the Rooker-Feldman doctrine. Under Rooker-Feldman, the Court lacks jurisdiction to hear the Plaintiffs' claims to set aside the trustee sale (Count 12), to quiet title (Count 13), for slander of title (Count 15), and for wrongful disclosure (Count 19). For the Court to grant the Plaintiffs' relief on those claims, the Court would have to directly

reverse the decision of the Illinois state courts, which is impermissible under Rooker-Feldman.  See Canen v. U.S. Bank Nat. Ass'n, 556 F. App'x 490, 491 (7th Cir. 2014) (affirming dismissal under Rooker-Feldman of plaintiffs' claim seeking to quiet title after state court entered contrary foreclosure judgment); Byrd v. Homecomings Fin. Network, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005) (dismissing plaintiffs' complaint seeking to overturn state foreclosure judgment under the Rooker-Feldman doctrine). Additionally, the Plaintiffs' long list of allegations that center around the invalidity of their mortgage are also barred by Rooker-Feldman.

Regarding the Plaintiffs' argument about a right to a jury trial raised in the Plaintiffs' Response, the Plaintiffs cannot be entitled to a trial by jury on the dismissed claims because the Court cannot even exercise jurisdiction over those claims.

    **B. The Plaintiffs' Remaining Claims Fail to State a Claim upon Which Relief Can Be Granted.**

The Defendants argue that the Plaintiffs' claims that are not barred by Rooker-Feldman all fail to state a claim upon which relief can be granted.  The Court agrees.  The Court will address and

dismiss the Plaintiffs' claims in turn.

The Plaintiffs' identity theft claim (Count 1) must be dismissed because that action can only be brought against "[a] person who is convicted of facilitating identity theft, identity theft, or aggravated identity theft." 720 ILCS 5/16-33. The Plaintiffs have not alleged that any of the Defendants have been convicted of those crimes.

The Plaintiffs' claim for loan fraud (Count 2) is subject to dismissal because the statute under which the Plaintiffs bring the claim, 720 ILCS 5/17-10.6, is used against parties who commit fraud in *seeking* a loan, not *granting* a loan. The Plaintiffs do not allege that any of the Defendants committed such a fraud.

The Plaintiffs' claim under the Illinois RICO statute (Count 3), 720 ILCS 5/33G, must be dismissed because the Plaintiffs do not plead that the Defendants committed a "Class 2 felony or higher," as required by 720 ILCS 5/33G-3(e).

The Plaintiffs' claim for "False Fraudulent, Fictitious, Publication of Instrument in writing" (second Count 2, Compl. at 37-38), only brings allegations against Defendant Countrywide Home Loans, so that count is dismissed as to the moving

Defendants.

The Plaintiffs' claim for a violation of the Home Ownership Equity Protection Act (HOEPA) (second Count 3, Compl. at 38-41) is dismissed because this suit was brought outside the three-year statute of limitations imposed by HOEPA, 15 U.S.C. § 1640(e), which expired on February 5, 2010.

Similarly, the Plaintiffs' claim for violations of the Real Estate Settlement Procedures Act (Count 4) is barred by the Act's one-year statute of limitations in 12 U.S.C. § 2614.  The Plaintiffs' claim under the Federal Truth in Lending Act (TILA) (Count 5) is also dismissed because this suit was brought outside the one-year statute of limitations imposed by TILA, 15 U.S.C. § 1635(f).

The Plaintiffs' claim for a "Violation of Fair Credit Reporting Act/Common Law Right of Expungement of Records at Recorder and Rescission" (Count 6) is dismissed because the statute which the Plaintiffs appear to claim the Defendants violated, 15 U.S.C. § 1681s-2(a)(1)(A), does not contain a private cause of action.  See 15 U.S.C. § 1681s-2(c)(1); Purcell v. Bank of Am., 659 F.3d 622, 623 (7th Cir. 2011) ("[A]lthough [the plaintiff's] claim arises under

§ 1681s–2(a), that section does not create a private right of action."). The Plaintiffs also do not point to any "common law" basis for their claim. The Plaintiffs' second claim under the Fair Credit Report Acting (second Count 18, Compl., d/e 1 at 59), which is based on the same allegations as Count 6, is dismissed for the same reasons.

The Plaintiffs' claim for "constructive fraudulent misrepresentations" (Count 7) must be dismissed because the Plaintiffs did not plead fraud with enough particularity to satisfy the heightened pleading requirements of Rule 9(b). The Plaintiffs do not name any specific parties who made the alleged misrepresentations, nor do they allege what those parties did that was fraudulent.

The Plaintiffs' claim for breach of fiduciary duty (Count 8) cannot proceed against the moving Defendants, as the Plaintiffs only allege that "the lenders" who gave the Plaintiffs their loan breached their fiduciary duty. The Complaint alleges that "Countrywide Home Loans and successors, principals, and agents are and were 'fiduciaries' in which Claimants' reposed trust and confidence." Compl., d/e 1 at 45. However, the moving Defendants are not affiliated with Countrywide Home Loans and did not take

part in the loan process, so this count does not state a claim against them.

The Plaintiffs' claims for "constructive civil conspiracy" (Count 10) and "constructive civil RICO" (Count 11), which is presumably brought under the federal RICO statute, 18 U.S.C. § 1964(c), must be dismissed because they do not meet Rule 9(b)'s pleading requirements. The Plaintiffs' allegations are very general and made against all "Respondents," without specifying which actions were taken by which Defendant. The claims therefore do not satisfy the heightened specificity required by Rule 9(b). Additionally, the Plaintiffs' allegations supporting their federal RICO claim do not show the existence of an association-in-fact enterprise, as required by the statute. Instead, the Plaintiffs simply make conclusory statements about the existence of such an enterprise, which are insufficient to support a RICO claim. See Rao v. BP Prods. N. Am., Inc., 589 F.3d 389, 400 (7th Cir. 2009).

The Plaintiffs' claim for violations of the Business and Professions and Occupations Code (Count 14) is dismissed because the Plaintiffs simply reference a broad set of Illinois statutes in this

count, without referring to any specific statutes that they believe the Defendants violated, let alone alleging how the Defendants violated those statutes.

The Plaintiffs' claim for unfair debt collection practices (Count 16) must similarly be dismissed for its lack of specific allegations. The Plaintiffs make very broad, conclusory allegations that the Defendants violated a list of statutes. These allegations, which do not attempt to state how the Defendants violated those statutes, constitute the sort of recitations of claims that cannot survive Iqbal. See Iqbal, 556 U.S. at 678.

The Plaintiffs' usury claim (Count 17) is dismissed because the amount of interest charged by the Defendants was authorized by Illinois statute. See 815 ILCS 205/4(1)(*l*). Illinois law states that "[i]t is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to . . . [l]oans secured by a mortgage on real estate." Id.

The Plaintiffs' claim for predatory lending (Count 18) must be dismissed because it is not an independent cause of action. A plaintiff can bring several other claims that are designed to remedy

predatory lending practices, such as claims under TILA or HOEPA, but "predatory lending" itself is not an independent claim separate from a statute or common-law cause of action.  See Graham v. Midland Mortgage Co., 406 F. Supp. 2d 948, 952 (N.D. Ill. 2005) (dismissing predatory lending claim for failure to tie it to a statute or regulation).

Lastly, the Plaintiffs' unjust enrichment claim (Count 9) does not constitute an independent cause of action, but rather depends upon the success of Plaintiffs' other claims.  See Alliance Acceptance Co. v. Yale Ins. Agency, Inc., 648 N.E.2d 971, 977 (Ill. 1995); Saletech, LLC v. E. Balt, Inc., 20 N.E.3d 796, 808 (Ill. App. Ct. 2014).  Because all of the Plaintiffs' other claims have been dismissed, their unjust enrichment claim must also be dismissed.

The Court notes that, regarding the argument raised in the Plaintiffs' Response (d/e 28) about their right to a jury trial, the Plaintiffs have pointed to no authority showing that they are entitled to a trial by jury on claims that do not legally state a claim for relief.  The Court finds that no constitutional right is violated by dismissing the Plaintiffs' claims under the Federal Rules of Civil

Procedure.

### IV. **CONCLUSION**

The Court concludes that the Plaintiffs' claims in Counts 12, 13, 15, and 19 must be dismissed for lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine, and the Plaintiffs' remaining claims fail to state a claim upon which relief can be granted. Therefore, the Defendants' Motion to Dismiss (d/e 19) is GRANTED. Defendants Specialized Loan Servicing, LLC, Bank of New York Mellon, and Mortgage Electronic Registration Systems, Inc. are hereby TERMINATED from this suit.

ENTER: August 25, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE